UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CHARLES JASMAN,

        Petitioner,                        Case No. 1:07-cv-984

v.                                            Honorable Robert J. Jonker

CAROL R. HOWES,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.        Factual Allegations

Petitioner Joseph Charles Jasman is incarcerated with the Michigan Department of Corrections and housed at the Lakeland Correctional Facility. He is serving a term of life imprisonment without the possibility of parole, which was imposed on October 4, 1977, after Petitioner was convicted by a Wayne County jury of first-degree murder, MICH. COMP. LAWS § 750.316. Petitioner appealed his conviction to the Michigan Court of Appeals, which affirmed on September 18, 1978. (Am. Pet. Att. A.) Petitioner alleges he sought leave to appeal to the Michigan Supreme Court, which denied leave on September 28, 1984.

According to the attachments to the complaint, Petitioner subsequently filed a petition for writ of habeas corpus, apparently in the Eastern District of Michigan, which was denied on June 5, 1985 for lack of exhaustion. (Am. Pet. Att. C; see *Jasman v. Jabe*, No. 85CV-71215-DT (E.D. Mich.) Petitioner filed an unspecified postconviction motion in the circuit court, which was denied on October 1, 1985. He sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on September 26, 1986. Petitioner also filed a petition for writ of habeas corpus in this Court on September 9, 1988, which was denied on November 3, 1989 on the merits. *See Jasman v. Redman*, No. 5:88-cv-237 (W.D. Mich.).

Petitioner filed another unspecified post-conviction motion in the trial court, which was denied on August 20, 1990. He sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on September 30, 1991. On or about January 21, 1992, Petitioner filed a petition for writ of habeas corpus in the

Eastern District of Michigan. *Jasman v. Burt*, Case No. 2:92-cv-70292-LPZ (E.D. Mich.). The case was dismissed for abuse of the writ in an opinion and judgment issued November 13, 1992.

Petitioner alleges that, on August 7, 2002, he received for the first time a copy of his entire trial court record. From that record, Petitioner ostensibly became aware for the first time of a plea offer made by the prosecutor that was never conveyed to Petitioner. Petitioner also alleges that he became aware for the first time that defense counsel had rendered ineffective assistance by failing to challenge his competency based on his psychological condition and recent suicide attempt. On August 18, 2005, Petitioner filed a motion for new trial in the Wayne County Circuit Court. That motion was treated by the court as a motion for relief from judgment and was denied on January 18, 2006. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on April 25, 2007. Petitioner alleges that he also filed a state application for writ of habeas corpus on May 8, 2007, which was dismissed on September 12, 2007.

Petitioner filed his federal habeas petition in the instant case on or about September 27, 2007.[1] The Court ordered Petitioner to file an amended petition using the form, as required by Rule 2(d), RULES GOVERNING § 2254 CASES, and W.D. Mich. LCivR 5.6(a). Petitioner filed his amended petition on October 25, 2007.[2]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on September 27, 2007, and it was received by the Court on October 1, 2007. Thus, it must have been handed to prison officials for mailing at some time between September 27 and October 1, 2007. For purposes of this case, the Court has given Petitioner the benefit of the earliest possible filing date.

[2] According to the allegations of the instant petition, Petitioner was unaware of the grounds raised in the instant petition until August 7, 2002, well after his 1992 habeas petition was filed and decided. Assuming the allegations to be true, Petitioner's "numerically third" habeas petition appears to raise claims that he could not have raised until after the filing of his earlier petition. As a result, Petitioner's present petition arguably is not second or successive within the meaning of 28 U.S.C. § 2244(b). *In re Bowen*, 436 F.3d 699, 705-06 (6th Cir. 2006) (requiring authorization from the court of appeals panel only when issues raised in a numerically second petition could have been raised in the first petition). If the court were to rely on the reasoning set forth in *Bowen*, it appears that the Court would have jurisdiction

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

to hear the petition notwithstanding the requirements of 28 U.S.C. § 2244(b).

[3]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Here, however, Petitioner alleges that his statute of limitations is governed by § 2244(d)(1)(D), the date on which he became aware of the factual predicate on which he bases at least some of his new claims. Accepting as true for purposes of this motion that he could not have discovered the factual predicate of his claims until August 7, 2002, Petitioner's application is time-barred. The one-year period of limitation would have begun to run on August 7, 2002, and, absent tolling, would have expired on Thursday, August 7, 2003.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in August 2003, his motion for relief from judgment filed in August 2005 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999). Moreover, even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

- 6 -

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  November 5, 2007                       /s/ Hugh W. Brenneman, Jr.
                                               HUGH W. BRENNEMAN, JR.
                                               United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).